**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

United States of America,

       Plaintiff/Respondent,

v.                                **Case No. 03-20111-JWL
03-3108-JWL**

Randall L. Sanford Jr.,

       Defendant/Petitioner.

**MEMORANDUM & ORDER**

On August 21, 2003, Randall Sanford Jr. was charged in a one-count indictment with receiving and possessing a sawed-off shotgun made in violation of 26 U.S.C. § 5861(c). A superseding indictment filed on November 13, 2003 further charged that the shotgun was unregistered in violation of 26 U.S.C. § 5861(d). On December 8, 2003, Mr. Sanford entered a plea of guilty to the superseding indictment. In the plea agreement executed by Mr. Sanford, he waived his right to appeal or collaterally attack any matter in connection with his conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255. On March 1, 2004, Mr. Sanford was sentenced to a 33-month term of imprisonment. The judgment of conviction was entered on the docket the following day. Mr. Sanford did not appeal.

On March 4, 2005, Mr. Sanford filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 32) in which he asks this court to vacate his current sentence and resentence him in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). As explained below, the motion is denied.

**I.      Mr. Sanford Waived his Right to Challenge his Sentence**

The government opposes Mr. Sanford's motion on the grounds that Mr. Sanford expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed.    Mr. Sanford, in turn, asserts that the plea agreement and waiver of rights should not be enforced because he received ineffective assistance of counsel in connection with the plea agreement.    The court will hold a defendant and the government to the terms of a lawful plea agreement.    *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).   The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*A.      Scope of the Waiver*

Mr. Sanford does not contend that the issue raised in his § 2255 petition falls outside the scope of his waiver of rights.  Nonetheless, in an abundance of caution, the court briefly analyzes the scope of Mr. Sanford's waiver and readily concludes that Mr. Sanford waived the right to file the § 2255 motion presently pending before the court.  In determining whether the disputed issue

2

falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Sanford waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Mr. Sanford's initial § 2255 petition clearly fall within the scope of his waiver. *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that waiver in plea agreement was unenforceable on the basis of changes in the law, including Supreme Court's decision in *Booker*, after the bargain was struck) (and cases cited therein); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir.

3

2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

B.      *Knowing and Voluntary*

The record also reflects that Mr. Sanford's waiver was knowing and voluntary–an issue that Mr. Sanford does not contest (except to suggest that his counsel was ineffective by failing to explain to him the effects of his plea–an argument that the court addresses in connection with the "miscarriage of justice" prong) but that the court nonetheless addresses briefly in an abundance of caution.   In determining that Mr. Sanford's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement and the court's Rule 11 colloquy with Mr. Sanford. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).   Paragraph 9 of Mr. Sanford's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Cervantes*, 2004 WL 1798305, at \*10 (10th Cir. Aug. 12, 2004) (rejecting defendant's argument that waiver was not knowing and voluntary where plea agreement expressly stated that the defendant knowingly waived his right to appeal or otherwise challenge sentence); *United States v. Elliott*, 264 F.3d 1171, 1174 n.1 (10th Cir. 2001) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and expressly waive[d] the right' to appeal").   In addition, the court, during its Rule 11 colloquy with Mr. Sanford, discussed in detail the fact that Mr. Sanford had waived his right to appeal or otherwise challenge his sentence

4

through a § 2255 motion.   The court's discussion with Mr. Sanford clearly revealed that Mr. Sanford understood the nature of his waiver and voluntarily accepted it with knowledge of the consequences of the waiver.

## C.      *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.   *Hahn*, 359 F.3d at 1327. According to Mr. Sanford, he received ineffective assistance of counsel in connection with the negotiation of the plea agreement in two respects.   The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).   To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694.

Mr. Sanford first asserts that his counsel was ineffective because he should not have allowed Mr. Sanford to waive his rights to appeal or collaterally attack his sentence. While it is not entirely clear from Mr. Sanford's papers, it appears that Mr. Sanford contends that his counsel should not have negotiated such a waiver because, in the absence of the waiver, Mr. Sanford would

have been able to appeal or collaterally attack his sentence in light of *Blakely* or *Booker*. At the time that Mr. Sanford waived his rights, the Supreme Court had not decided *Blakely* or *Booker*. As the Tenth Circuit has held, "counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance." *United States v. Keeling*, 2004 WL 2712627, at \*1 (10th Cir. Nov. 30, 2004) (citing *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-43 (10th Cir. 1995)). Thus, Mr. Sanford's counsel's negotiation of a plea agreement that included a waiver of the right to file an appeal or a § 2255 motion at a time that pre-dated both *Blakely* and *Booker* does not constitute ineffective assistance of counsel under Tenth Circuit precedent. Mr. Sanford, then, cannot satisfy the first prong of *Strickland*. Moreover, at least with respect to his waiver of the right to file a § 2255 motion, Mr. Sanford cannot demonstrate any prejudice and, thus, cannot establish the second prong of *Strickland* either. Even if Mr. Sanford's counsel had been able to negotiate a plea without a waiver of Mr. Sanford's rights (and it is highly unlikely that the government would have agreed to such a plea), Mr. Sanford nonetheless would be unsuccessful in challenging his sentence in the context of his § 2255 motion, as discussed below in section II.

Mr. Sanford also argues that his counsel was ineffective because he failed to adequately advise Mr. Sanford of the consequences of his plea, particularly that he could receive a four-level sentencing enhancement based on the court's finding that Mr. Sanford used the sawed-off shotgun in connection with another felony offense. This argument is rejected. During the court's Rule 11 colloquy with Mr. Sanford, the court asked Mr. Sanford whether he understood that the applicable guideline range could not be determined until after the presentence investigation, that the

presentence investigation would not take place until after Mr. Sanford's plea of guilty had been entered, and that there was no limitation on the information that the court could consider at the time of sentencing, including information relevant to counts or charges to which Mr. Sanford did not plead guilty. Mr. Sanford answered these questions in the affirmative. Thus, it is clear that Mr. Sanford was aware of the contingencies involved in determining his sentence and nevertheless entered into a guilty plea. Moreover, Mr. Sanford's plea petition, which Mr. Sanford signed, explained that in determining the sentence to impose, the court "may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted." For these reasons, the court rejects Mr. Sanford's claim that his counsel's failure to inform him that relevant conduct would be considered in sentencing Mr. Sanford constitutes ineffective assistance. *See United States v. Lyles*, 1999 WL 88968, at \*2 (10th Cir. Feb.23, 1999) (rejecting ineffective assistance claim based on counsel's misrepresentation of sentencing range; no showing of prejudice where defendant acknowledged in his plea petition that he understood sentencing would be discretionary, could differ from any calculation of the attorney, and could include other relevant conduct); *United States v. Gordon*, 4 F.3d 1567, 1569-71 (10th Cir. 1993) (rejecting defendant's ineffective assistance claim based on counsel's failure to inform defendant that relevant conduct would be considered in his sentencing; court explained during Rule 11 colloquy that, in calculating sentence, court "can and will consider all available information including factual data relating to any counts dismissed or about to be dismissed").

For the foregoing reasons, the court concludes that there is no merit to Mr. Sanford's claim of ineffective assistance of counsel in the plea negotiation process.

**II.     Mr. Sanford's Motion Fails on the Merits**

Even if the issues raised by Mr. Sanford in his § 2255 petition did fall outside the scope of his waiver or his waiver were otherwise unenforceable, his motion nonetheless fails on the merits.    As explained above, Mr. Sanford's motion is based entirely on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  The Tenth Circuit has expressly held, however, that *Booker* does not apply retroactively to an initial § 2255 motion.  *See United States v. Bellamy*, ___ F.3d ___, 2005 WL 1406176 (10th Cir. June 16, 2005).  The Tenth Circuit's decision in *Bellamy* mandates that the court deny Mr. Sanford's motion on the merits.    Mr. Sanford did not appeal his conviction or sentence and his case was "final" prior to the Supreme Court's decision in *Booker*.    Thus, *Booker* does not apply retroactively to Mr. Sanford's § 2255 petition and it has no bearing on Mr. Sanford's sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Sanford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 32) is denied.

**IT IS SO ORDERED** this 27th day of June, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge