# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                           Case No. 03-20111-JWL

**Randall L. Sanford Jr.,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On June 27, 2005, the court entered judgment denying Mr. Sanford's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Sanford has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Sanford sought to have his sentence vacated in light of the Supreme Court's decision in *United States v. Booker,* 125 S. Ct. 738 (2005). Recent Tenth Circuit precedent clearly

establishes that he is not entitled to a COA on this issue as *Booker* does not apply retroactively to Mr. Sanford's § 2255 motion and has no bearing on his sentence. *See United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005).

Mr. Sanford further argued in his motion that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement (an agreement in which he waived his right to challenge his sentence). Mr. Sanford cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further. First, Mr. Sanford urged that his counsel should not have allowed Mr. Sanford to waive his right to appeal or otherwise attack his sentence because, according to Mr. Sanford, Mr. Sanford would then have been able to appeal or collaterally attack his sentence in light of *Blakely* or *Booker*. As the court noted in its order, however, at the time that Mr. Sanford waived his rights, the Supreme Court had not decided *Blakely* or *Booker*. The court, then, rejected Mr. Sanford's argument as contrary to Tenth Circuit precedent. *United States v. Keeling*, 2004 WL 2712627, at *1 (10th Cir. Nov. 30, 2004) (citing *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-43 (10th Cir. 1995)) ("counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance"); *see also United States v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

The court also rejected Mr. Sanford's second ineffective assistance argument–that his counsel was ineffective because he failed to adequately advise Mr. Sanford of the consequences of his plea.  Again, Mr. Sanford cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further.  As the court noted previously, both the court's Rule 11 colloquy with Mr. Sanford and the plea petition signed by Mr. Sanford clearly revealed that Mr. Sanford was aware of the contingencies involved in determining his sentence and nevertheless entered a guilty plea.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 25th day of July, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge